IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Criminal Action No. 14-00322-01-CR-W-DGK |
| CINDY KAY POOLE, | ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On May 16, 2016, I held a change-of-plea hearing after this case was referred to me by Chief United States District Court Judge Greg Kays. I find that Defendant's plea is voluntary and therefore recommend that it be accepted.

### I.   BACKGROUND

On November 18, 2014, Defendant was indicted with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, and one count of criminal forfeiture pursuant to 21 U.S.C. § 853. A change-of-plea hearing was held on May 16, 2016. Defendant was present, represented by retained counsel David Langston. The government was represented by Assistant United States Attorney Bruce Rhoades. The proceeding was recorded and a transcript of the hearing was filed on May 17, 2016 (Doc. No. 89).

### II.   AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the

Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. See Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991); Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. Torres, 258 F.3d at 795. Applying the Peretz holding and adopting the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. (quoting Williams, 23 F.3d at 633). Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### III. FINDINGS OF FACT

1. The parties consented to the delegation of the change of plea to the magistrate judge (Tr. at 2-3).

2. Defendant was advised of the following:

   a. That she has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That she has the right to assistance of counsel throughout the trial (Tr. at 6);

   c. That Defendant is presumed innocent, and the government has the burden of coming forward to prove Defendant's guilt beyond a reasonable doubt (Tr. at 6);

   d. That Defendant's attorney would have the opportunity to cross-examine the government's witnesses (Tr. at 6-7);

   e. That Defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that Defendant may not

3

testify at trial (Tr. at 7);

      f.    That Defendant has the right to subpoena witnesses to testify on her behalf (Tr. at 7); and

      g.    That Defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8).

3.    Government counsel stated that if this case were to be tried, the United States would present a number of witnesses – both law enforcement and lay witnesses – to establish that between the dates charged in the Indictment, Defendant was involved with at least one other person in obtaining and distributing methamphetamine within the Western District of Missouri (Tr. at 9-10). For purposes of the plea, the parties have agreed that the amount of methamphetamine is at least 50 grams or more (Tr. at 10). The Government would also produce evidence on the proceeds obtained from such distribution for purposes of the forfeiture allegation (Tr. at 10).

4.    Defendant was placed under oath (Tr. at 11). Defendant stated that between January 1, 2010 and November 19, 2014, she was within the Western District of Missouri (Tr. at 11). During that time, she and Travis Ackerman had an agreement whereby she sold more than 50 grams of methamphetamine to him (Tr. at 11-13).

5.    Defendant understood the terms of the plea agreement (Tr. at 14-18). As part of the agreement, Defendant will plead guilty to a lesser included offense under Count One – specifically, conspiracy to distribute a detectable amount of methamphetamine (Tr. at 4, 14-15). She also admits the forfeiture allegation and money judgment (Tr. at 15). The penalty range for this lesser included offense is not more than 20 years imprisonment, a fine of not more than $1 million, not less than three years supervised release, and a $100 mandatory special assessment

4

Case 4:14-cr-00322-DGK   Document 93   Filed 05/18/16   Page 4 of 6

(Tr. at 4-5). Additionally, Defendant is responsible for a forfeiture of up to $636,000 (Tr. at 4-5, 15).

6. No one had made any threats or any other promises in order to get Defendant to plead guilty (Tr. at 18-19).

7. Defendant was satisfied with Mr. Langston's performance (Tr. at 19). There is nothing Defendant asked Mr. Langston to do that Mr. Langston did not do (Tr. at 19). Likewise, there is nothing Mr. Langston has done that Defendant did not want him to do (Tr. at 19).

8. Defendant is 41 years old (Tr. at 19). She has a high school diploma and does not have any difficulty reading, writing or understanding English (Tr. at 19-20). Defendant has no physical or mental health concerns that would prevent her from entering an intelligent and voluntary plea of guilty (Tr. at 20). She was not under the influence of any kind of drug or alcohol (Tr. at 20).

9. Defendant tendered a plea of guilty to the lesser included offense of conspiracy to distribute a detectable amount of methamphetamine (Tr. at 20-21).

## V. ELEMENTS OF THE CHARGED OFFENSE

To sustain a conviction for conspiracy to distribute methamphetamine, the government must prove that: (1) there was an agreement to distribute methamphetamine; (2) the defendant knew of the agreement; and (3) the defendant intentionally joined the conspiracy. See United States v. Savatdy, 452 F.3d 974, 977 (8th Cir. 2006).

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a magistrate judge for issuance of a report and recommendation on whether Defendant's guilty plea should be accepted.

5

2. Defendant has consented to having her plea taken by a magistrate judge.

3. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the lesser included offense under Count One of the Indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting Defendant's guilty plea and adjudging Defendant guilty.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
May 18, 2016

6